

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/16/2010

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 10-33790 |
| PASADENA SELF-STORAGE, LTD., | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

### AGREED INTERIM ORDER GRANTING DEBTOR'S
### MOTION FOR USE OF CASH COLLATERAL

Came on for preliminary hearing the Emergency Motion for Authority to Use Cash Collateral in accordance with 11 U.S.C. § 363 filed by Pasadena Self-Storage, Ltd., (the "Debtor"). The Court, having considered the Motion, the pleadings, and argument of counsel, finds the following:

1.  On May 4, 2010 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtor continues to retain possession of its property and operate it business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Code.

2.  Notice and opportunity for the hearing were given and a preliminary hearing held.

3.  City National Bank, as successor to Imperial Capital Bank ("CNB"), filed an objection to the Debtor's proposed use of cash collateral [Docket No. 12].

4.  Debtor requires the use of cash collateral for the payment of operating expenses incurred in the ordinary course of business. Debtor believes its ordinary course business expenses are reasonable and necessary business expenses that must be paid in order to continue the Debtor's business.

5.  In an effort to adequately protect the interests of CNB in its prepetition collateral and for the Debtor's use of cash collateral as requested in the Motion, the Debtor is offering to provide CNB replacement liens pursuant to and in accordance with 11 U.S.C. § 363(2), in and to all property of the estate of the kind presently securing the indebtedness owing to CNB purchased or acquired with the cash collateral of CNB.

6.  Debtor has no unencumbered cash or other assets with which to continue to operate its business and, thus, requires either the consent of CNB or the authorization of this Court to use Cash Collateral, if any. CNB does not consent to the use of its Cash Collateral, except as set forth in this Agreed Order and the attached budget. Debtor's use of the Cash Collateral as set forth herein is necessary to avoid immediate and irreparable harm to the Debtor, its business and its creditors.

Based upon the above, the Court, having reviewed the Motion, considering the arguments and stipulation of the parties, hereby **ORDERS**, and the Debtor and CNB stipulate and agree, as follows:

1. The Debtor is authorized to use CNB's cash collateral in the amount of $16,483.00 for the months of May and June 2010 in accordance with the attached budget on an interim basis with no negative variance greater than ten percent (10%) on a line item basis by category.

2. As adequate protection for the use of Cash Collateral, CNB is granted postpetition replacement liens in accounts receivable and rents, including Cash Collateral generated or received by the Debtor subsequent to the Petition Date, but only to the extent CNB had valid, perfected prepetition liens and security interests in such collateral as of the Petition Date. The priority of any postpetition liens granted to CNB shall be the same as existed as of the Petition Date, and any liens prior to those of CNB shall be the same as existed as of the Petition Date. Nothing herein shall be construed or be deemed to determine the extent, validity and priority of CNB's pre-petition claims and liens. All rights with respect thereto are reserved.

3. The replacement liens in favor of CNB as described herein shall be deemed valid, binding, enforceable and perfected upon entry of this Order. CNB shall not be required to file any financing statements, notice of lien or similar instruments in any jurisdiction or filing office, or to take possession of any assets, or to take any other action in order to validate or perfect the replacement liens granted by or pursuant to this Order.

4. The relief granted by this Court pursuant to this Order is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing on the Motion.

5. The provisions of this Order shall be binding upon and inure to the benefit of CNB and the Debtor and their respective successors and assigns (including, without limitation, any trustee or other fiduciary hereafter appointed for the Debtor or with respect to the Debtor's property).

6. The final hearing on this Motion, pursuant to Bankruptcy Rule 4001, shall be held on _____July 6_____, 2010 at 1:30 p.m. in Courtroom 404, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk, Houston, Texas 77002.

DATED: 6-16-2010

UNITED STATES BANKRUPTCY JUDGE

2

Approved as to Form and Substance:

By: /s/ Patrick D. Devine
Patrick D. Devine
State Bar No. 05662200
Law Office of Patrick D. Devine, PC
5120 Woodway Dr., Suite 8002
Houston, Texas 77056
Phone: 832-251-2722
Fax: 713-965-9173
Email: pdevine@pdevinelaw.com
Proposed Attorneys for the Debtor

Approved as to Form Only:

By: /s/ Michael J. Durrschmidt
Michael J. Durrschmidt
Admissions I.D. No. 4720
State Bar No. 06287650
HIRSCH & WESTHEIMER, P.C.
25th Floor, Bank of America Center
700 Louisiana
Houston, Texas 77002-2728
TEL: (713) 220-9165
FAX: (713) 223-9319

ATTORNEYS FOR CITY NATIONAL BANK

STOR-RITE SELF STORAGE, LTD
3 mos Budget

|  | *May* Month 1 | *June* Month 2 | Month 3 | |
|---|---|---|---|---|
| **Revenue** | | | | |
| Rental Income | 38,847 | 38,847 | 38,847 | |
| Other Fees | 3,240 | 3,240 | 3,240 | |
| Other Income | 233 | 233 | 233 | |
| **Effective Gross Income** | 42,320 | 42,320 | 42,320 | |
| | | | | |
| **Operating Expenses** | | | | |
| Advertising | 1,200 | 1,200 | 1,500 | |
| Bank/CC Charges (1.4%) | 592 | 592 | 592 | |
| Computer Expense | 115 | 315 | 115 | |
| Dues & Subscriptions | - | 850 | - | annual bill's |
| Equipment Rental | 30 | 30 | 200 | monthly & quarterly |
| Insurance | 1,457 | 1,457 | 1,457 | |
| Management Fees (5%) X *Disallowed* | 2,116 | 2,116 | 2,116 | |
| Merchandise Expense | - | - | 400 | |
| Office Supplies/Postage | 875 | 875 | 875 | |
| Payroll - Employee Leasing | 6,400 | 6,400 | 6,400 | |
| Professional Fees | 500 | 500 | 500 | Accountant & Property Tax Appeals |
| Property Tax X  *Disallowed* | 6,124 | 6,124 | 6,124 | |
| Repairs & Maintenance | 1,600 | 1,600 | 1,600 | |
| Sign Lease | 513 | 513 | 513 | |
| Telephone | 700 | 700 | 700 | |
| Travel | 500 | 500 | 500 | |
| Utilities | 1,900 | 2,300 | 2,600 | *ELEC/GAS/SEWER/WATER/TRASH* |
| **Total Operating Expenses** | ~~24,623~~ *16,483* | ~~26,873~~ *16,483* | 26,193 | |
| | | | | |
| **Net Operating Income** | 17,697 | 16,247 | 16,127 | |